GEORGE F. TRIPP & others *vs.* PACIFIC MUTUAL INSURANCE COMPANY.

If the assignees in insolvency of persons insured by a mutual insurance company have guaranteed the payment of the premium note, and taken an agreement from the company that the policy shall be continued in force to them, for an extended period of time, they may recover the full amount of a loss which subsequently occurs, without deducting the amounts due from the insolvent debtors to the company upon other premium notes; although the policy contains an agreement that, in case of loss, all sums due to the company from the insured shall be deducted, before payment.

CONTRACT on two policies of insurance upon the ship E. L. B. Jenney, issued by the defendants to Gibbs & Jenney.

It was agreed in this court that, after procuring the policies, Gibbs & Jenney instituted proceedings in insolvency, and the plaintiffs were appointed as their assignees, and thereafter the plaintiffs indorsed upon each of the premium notes given for the policies the following memorandum : " In consideration of the loss on the within risk being payable to the assignees of Gibbs & Jenney, and the continuance of the insurance until arrival of the vessel, we guarantee the within note." At the same time

the following memorandum was indorsed upon one of the policies: " It is agreed that this policy shall continue in full force to the assignees of Gibbs & Jenney, they having become responsible for the premium note. Policy extended to the arrival of the vessel by agreement, anything herein to the contrary notwithstanding." A memorandum of similar purport was indorsed upon the other policy. Each policy contained the following clause: " And in case of a loss, such loss shall be paid in sixty days after proof and adjustment thereof, the amount of the premium note, if unpaid, and all sums due to the company from the insured when such loss becomes due, being first deducted." A loss occurred afterwards, the amount of which was agreed; and the only question submitted to the court was, whether the defendants were entitled to deduct therefrom the amount of other premium notes which they hold against Gibbs & Jenney, signed by the latter prior to their insolvency, for other policies of insurance.

The case was reserved for the determination of the whole court.

*W. W. Crapo*, for the plaintiffs, cited *Adams* v. *Rockingham Ins. Co.* 29 Maine, 292; *Foster* v. *Equitable Ins. Co.* 2 Gray, 216; *Hurlbert* v. *Pacific Ins. Co.* 2 Sumner, 479; *Wiggin* v. *Suffolk Ins. Co.* 18 Pick. 145; *Wiggin* v. *Amer. Ins. Co.* Ib. 158.

*O. Prescott*, for the defendants, cited some of the foregoing cases.

DEWEY, J. The legal effect of the contract entered into between the plaintiffs and the defendants was to create a contract of insurance in favor of the former. It was not a case of a mere assignment of the interest of the original parties to the policy. Gibbs & Jenney had by the proceedings in insolvency parted with their interest in the vessel insured. The plaintiffs, their assignees, did not thereby succeed to any interest in the policy of insurance issued to Gibbs & Jenney. They could only effect this object by a policy to themselves. This required a new and independent consideration moving from themselves; and they became personally responsible for the payment of the premium notes, and agreed to pay the same. This being

accepted by the defendants, the plaintiffs became the parties insured.

In the case of *Foster* v. *Equitable Ins. Co.* 2 Gray, 216, it was held that the effect of such assumption of the premium note by a mortgagee, in connection with the continuing of the policy in his favor, was to create a new, substantive and distinct contrac' of insurance with the mortgagee. This assumption and guaranty of the premium notes distinguishes the present case from the numerous cases of a naked assignment of the interest of the person originally insured.

By thus adopting new parties as the assured, the defendants have lost all right they might have had originally to deduct from any loss which they might be liable to pay on the policy, the sums due from Gibbs & Jenney to them on other dealings.

The clause in the policy relied upon as authorizing such deduction before paying the loss cannot, under the contract as it exists between the present parties, have that effect. The set-off thus claimed must be disallowed.

*Judgment for the plaintiffs.*